UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**COSIMO ANGELINI**, an individual,

Plaintiff,

vs.

**VICTOR GONZALEZ,** an individual, and
**REMASUR USA, LLC**, a Florida
corporation,

Defendants.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **COSIMO ANGELINI**, by and through the undersigned counsel, hereby files

this complaint and sues defendants, **VICTOR GONZALEZ,** an individual, and **REMASUR**

**USA, LLC**, a Florida corporation, and in support thereof, states as follows:

### **JURISDICTION**

1.      The claims herein asserted arise under Section 10(b) of the Securities and

Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78 and 10b-5 thereunder, 17 C.F.R. §

240.10b-5, Florida Statutes § 517.301 and Florida common law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to

Section 27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. § 1331; and pursuant to

supplemental jurisdiction under 28 U.S.C. §1367, because said claims "are so related . . . that

they form part of the same case or controversy."

3.      Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391(b).  As noted below, all defendants resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

4.      In connection with the acts and conduct alleged herein, defendants, directly and indirectly, used the means, facilities and instrumentalities of interstate commerce, including but not limited to: banks, wires, mail, e-mail, internet, interstate telephone communications, and interstate modes of travel (such as air travel).

## PARTIES

5.      Plaintiff, **COSIMO ANGELINI**, is an individual residing in the County of Miami-Dade, State of Florida.

6.      Defendant, **VICTOR GONZALEZ ("GONZALEZ")**, is an individual residing in the County of Broward, State of Florida, is doing business in Miami-Dade County, Florida. At all times material to this complaint, defendant **GONZALES** held himself out to plaintiff and others as the chief executive officer of defendant **REMASUR USA, LLC** ("**REMASUR**") (d/b/a Doral Radiology Center), a Florida limited liability company.

7.      Defendant, REMASUR, has its principal place of business at 3470 NW 82 Avenue, Suite 119, Doral, Florida 33122.

## FACTS IN COMMON TO ALL COUNTS

8.      Upon information and belief, **REMASUR** was created to engage in the for profit practice of radiology and/or radiology imaging services in Miami-Dade County, including MRI, CT, nuclear medicine, mammography, ultrasound, bone density, x-ray and neuro laboratory. (A copy of the Articles of Organization is annexed hereto as Exhibit "A").

9.      **REMASUR** was being funded in part by private placement offerings solicited by defendant **GONZALEZ** in his capacity as the chief executive officer of **REMASUR**.

2

10.    Beginning on or about July 1, 2014, defendant **GONZALEZ** solicited plaintiff to invest in **REMASUR** through the purchase of membership interests as an equity investment.

11.    As was explained by defendant **GONZALEZ** to plaintiff, **REMASUR** was:

> *Our business idea will be successful, because we have all the resources necessary to make it happened[sic]. We have the money, the expertise, the people, the location, and the opportunity. We have succeeded in two other countries, and we will replicate the model in the USA, gathering around us the highest caliber professionals and staff. USA is the land of opportunities, so coming to the decision was easy, because we all have a unified vision as well. We are a strong group of physicians; we know our jobs, and we hire those who do with excellence what is out of the scope of our expertise, to come up stronger and united. We will succeed!*

(A copy of the "Doral Radiology Center Executive Summary" is annexed hereto as Exhibit "B").

12.    On or about July 1, 2014, August 24, 2014 and again December 10, 2014, plaintiff invested a total of Two Hundred Forty Thousand and No/00 Dollars ($240,000.00) in **REMASUR** based upon the solicitation and representations of defendant **GONZALEZ.**

13.    On April 8, 2015, defendant **GONZALES** solicited plaintiff to enter into a "Private Money Loan Agreement" ("Loan Agreement"), pursuant to which plaintiff agreed to lend **REMASUR** Four Hundred Thousand and No/00 Dollars ($400,000.00) with an interest rate of 6.75% per annum for a term of nine (9). (A copy of the Loan Agreement is annexed hereto as Exhibit "C").

14.    The Loan Agreement came due in January 2016, at which time defendant **REMASUR** failed to repay the balance of the loan and there remains due and outstanding the original principal balance of $400,000.00, plus interest at the default rate.

15.    Upon information and belief, at all times material to this complaint, defendant **GONZALES** knew or should have known that **REMASUR** was not capable of generating a profit as promised in connection with the private placement offering.

16.     Upon information and belief, at all times material to this complaint, defendant **GONZALES** knew or should have known that defendant **REMASUR** would not be able to pay interest at a rate of 6.75% per annum as stated in connection with the Loan Agreement.

17.     Upon information and belief, at all times material to this complaint, defendant **GONZALES** knew or should have known that **REMASUR** would be unable to repay plaintiff the money loaned pursuant to the Loan Agreement.

18.     Upon information and belief, at all times material to this complaint, defendant **GONZALES** knew or should have known that the proceeds generated from the private placement offering would not generate sufficient working capital in order to achieve the results stated in connection with the private placement offering.

19.     During the eighteen months (18) months following plaintiff's investment in **REMASUR**, plaintiff received e-mails from defendant **GONZALES** with various false and misleading updates on **REMASUR**.

20.     The above described communications from defendant **GONZALES** were employed to delay and forestall plaintiff's inquiry into defendant **GONZALES'** fraud.  As a result of the delay caused by defendant **GONZALES**' lies and deceit, **REMASUR** was given sufficient time to deplete all working capital and on or about March 2016, defendant REMASUR closed its doors and ceased operations.

21.     As a result of defendant **GONZALES**' fraud and deceit, including material misstatements and omissions, plaintiff has damages in an amount no less than the total amount of his investment in defendant **REMASUR**.

Keith D. Silverstein, P.A. ● 200 South Biscayne Blvd, Suite 4310 ● Miami, FL 33131
(T) (305) 868-0200 ● (F) (305) 868-1045

**COUNT I**

**VIOLATION OF SECTION 10(b) AND 10b-5(a), (b), (c)**
**OF THE SECURITIES AND EXCHANGE ACT OF 1934**

22.     Plaintiff incorporates by reference, re-alleges and repeats each of the allegations set forth in paragraphs 1 through 21 above.

23.     Defendant **GONZALES**, by the use of means or instrumentality of interstate commerce or of the mails, sold securities representing an equity interest in **REMASUR**.

24.     Defendant **GONZALES** was the primary and direct violator and made, or caused to be made, the false and deceptive statements, as set forth above, to plaintiff.

25.     Defendant **GONZALES**, directly and indirectly, by the use of means of instrumentalities of interstate commerce and/or of the United States mail, engaged in and participated in a continuous plan, scheme or course of conduct to deceive plaintiff as alleged herein, with respect to their purchase of securities.

26.     Defendant **GONZALES** knew or, but for their deliberate recklessness, should have known, that the statements and omissions in connection with the solicitation to invest in **REMASUR** were materially false, but made the false statements to plaintiff anyway.  Defendant **GONZALES** made these misrepresentations and omissions with intent to deceive or defraud plaintiff with respect to defendant's true objectives.

27.     Plaintiff reasonably relied upon defendant **GONZALES**' misrepresentations in light of defendant **GONZALES**' position within **REMASUR**.

28.     Defendant **GONZALES**' misrepresentations and omissions were made in connection with a purchase or sale of securities, as the deceptive practices alleged herein persuaded plaintiff to invest in **REMASUR** in ignorance of defendant **GONZALES**' scheme to

Keith D. Silverstein, P.A. ● 200 South Biscayne Blvd, Suite 4310 ● Miami, FL 33131
(T) (305) 868-0200 ● (F) (305) 868-1045

embezzle funds from **REMASUR** and without disclosure of material terms, risks of the investment or informed consent.

29.     Rather than benefiting **REMASUR**, defendant **GONZALES** served his own personal interest over and above that of **REMASUR**, in contravention of said section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

30.     Defendant **GONZALES** had actual knowledge of the misrepresentations and/or omissions of material fact made to plaintiff or acted with deliberate reckless disregard for the truth in that he failed to ascertain and to disclose the true facts, even though such facts were available to him.

31.     Defendant **GONZALES**' misrepresentations and/or omissions contained in the solicitation were intentional or reckless and were uttered for the purpose of enriching himself at plaintiff's expense.

32.     As a result of these fraudulent, deceptive, false and misleading practices, plaintiff advanced the funds in the form of the purchase of the equity interest in **REMASUR** and the Loan Agreement, each described above.

33.     Had plaintiff known of the materially false information or been told the truthful facts, he would not have made the investment and advanced the funds described above.

34.     Moreover, through his position of control of **REMASUR**, defendant **GONZALES** was able to and did control the content of the statements disseminated to plaintiff.

35.     In addition to the false statements, and in furtherance of this unlawful scheme, plan and course of conduct, defendant **GONZALES**, individually took the actions set forth above. While in possession of material information, defendant (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state

Keith D. Silverstein, P.A. ● 200 South Biscayne Blvd, Suite 4310 ● Miami, FL 33131
(T) (305) 868-0200 ● (F) (305) 868-1045

material facts necessary to make the statements not misleading; and (c) engaged in acts, practices and a course of conduct which operated as a fraud and deceit upon the purchasers of securities, in violation of Section 10(b) of the Securities and Exchange Act and Rule 10b-5.

36.     Defendant **GONZALES** violated Section 10(b) of the Securities and Exchange Act and Rule 10b-5(a), (b) and (c).

37.     Defendant **GONZALES'** material misrepresentations and omissions proximately caused plaintiff to suffer monetary damage through loss of plaintiff's initial investment.

WHEREFORE, plaintiffs **COSIMO ANGELINI** demands judgment against defendant **VICTOR GONZALES** for damages, interest, costs and any relief which the Court deems just.

## COUNT II
## VIOLATION OF FLORIDA STATUTES § 517.301

38.     Plaintiffs incorporate by reference, re-allege and repeat each of the allegations set forth in paragraphs 1 through 21, above.

39.     Defendant **GONZALES** violated Florida Statutes § 517.301, which provides that, generally, it is unlawful, and a violation of the provisions of the Florida Securities and Investor Protection Act, for a person in connection with the rendering of any investment advice or in connection with the offer, sale, or purchase of any investment or security, including any security exempted from registration and including any security sold in an exempted transaction, directly or indirectly to: (1) employ a device, scheme, or artifice to defraud; (2) obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

40.     Florida Statutes § 517.211(2) provides as follows:

Keith D. Silverstein, P.A. ● 200 South Biscayne Blvd, Suite 4310 ● Miami, FL 33131
(T) (305) 868-0200 ● (F) (305) 868-1045

Any person purchasing or selling a security in violation of § 517.301. and every director, officer, partner, or agent of or for the purchaser or seller, if the director, officer, partner, or agent has personally participated or aided in making the sale or purchase, is jointly and severally liable to the person selling the security to or purchasing the security from such person in an action for rescission, if the plaintiff still owns the security, or for damages, if the plaintiff has sold the security.

41.     Defendant **GONZALES** personally participated, or aided in making the sale of the membership interests in **REMASUR** to plaintiff.

42.     Pursuant to Florida Statutes **§** 517.211(4), plaintiff is entitled to a return of the $640,000, initial investment plus interest, less amounts actually received in connection with the investment in **REMASUR**.

WHEREFORE, plaintiff **COSIMO ANGELINI** respectfully requests that judgment be entered against defendant **VICTOR GONZALES** for damages, prejudgment and post-judgment interest at the maximum rate allowed by law, court costs, and any other relief this Court deems fair and just.

### COUNT III
### FRAUD (DAMAGES)

43.     Plaintiff incorporates by reference, re-allege and repeat each of the allegations set forth in paragraphs 1 through 21 above.

44.     Defendant **GONZALES** made, or caused to be made, the statements and/or omissions set forth above, to plaintiff.

45.     As set forth above, the statements and/or omissions made by defendant **GONZALES** in connection with the solicitation were false and defendant knew the statements were false.

Keith D. Silverstein, P.A. ● 200 South Biscayne Blvd, Suite 4310 ● Miami, FL 33131
(T) (305) 868-0200 ● (F) (305) 868-1045

46.    Defendant **GONZALES** made, or caused to be made, the statements and/or omissions in connection with the solicitation with the intent of inducing plaintiff to invest in **REMASUR**.

47.    Plaintiff reasonably relied on the statements and/or omissions of defendant **GONZALES** and contained in and/or omitted from the solicitation, by investing in **REMASUR** as set forth above.

48.    Plaintiff was damaged to the extent of his investment.

49.    Defendant **GONZALES**' fraudulent acts were willful, wanton, and malicious, and plaintiff seeks punitive damages.

WHEREFORE, plaintiff **COSIMO ANGELINI** demands judgment against defendant **VICTOR GONZALES** for compensatory damages in an amount to be proved at trial; punitive damages, pre-judgment interest, costs, and any other just and equitable relief the Court deems appropriate.

## COUNT IV
## BREACH OF PROMISSORY NOTE

50.    Plaintiff incorporates by reference, re-allege and repeat each of the allegations set forth in paragraphs 1 through 21 above.

51.    On April 14, 2015, plaintiff loaned defendant **REMASUR** the sum of Four Hundred Thousand Dollars and No/00 ($400,000.00) (the "Loan"). (See Exhibit "C")

52.    Plaintiff owns, holds, and is entitled to enforce that certain promissory note, executed by **REMASUR**, dated April 13, 2015 (the "Note"), in the original principal amount of Four Hundred Thousand Dollars And No/00 ($400,000.00) in connection with the Loan.

53.    **REMASUR** is liable to plaintiff for all sums due under the Note.

Keith D. Silverstein, P.A. ● 200 South Biscayne Blvd, Suite 4310 ● Miami, FL 33131
(T) (305) 868-0200 ● (F) (305) 868-1045

54.     Plaintiff has suffered damage as a result of **REMASUR**'s defaults under the Note, which defaults remain uncured and outstanding despite plaintiff's demand that its default be cured.

55.     Defendant **REMASUR** is indebted to plaintiff in the principal amount of Four Hundred Thousand Dollars and NO/00 ($400,000.00), plus outstanding interest.

WHEREFORE, plaintiff **COSIMO ANGELINI** requests that this Court (i) enter a final judgment against **REMASUR** in an amount equal to the amount that this Court finds due and payable under the Note, including, but not limited to all outstanding principal, interest, including default interest as provided for by the Note, expenses and additional costs, reimbursements, indemnities, and other obligations of **REMASUR** plaintiff arising under the terms of the Note or owing at law or in equity, and (ii) grant such further relief to which plaintiff is entitled or which may be appropriate.

### JURY TRIAL DEMAND

56.     Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 11, 2016

                          Respectfully submitted,

                          **KEITH D. SILVERSTEIN, P. A.**
                          200 South Biscayne Blvd., Suite 4310
                          Miami, Florida 33131
                          Telephone: (305) 868-0200
                          Facsimile: (305) 868-1045
                          keith.silverstein@gmail.com

                          By:____/s/ Keith D. Silverstein_____
                                  Keith D. Silverstein, Esq.
                                  Florida Bar No. 086820
                                  *Attorney for Plaintiff*